UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NICOLE CUMMING,**
 an individual,                                             Hon.
Plaintiff,                                                        Case No.

v.

**WEALTHY STREET LAW FIRM PLLC**
a domestic professional limited liability company,
**THE LAW FIRM OF WAYNE F. CROWE JR. PLLC**
a domestic professional limited liability company,
**WAYNE F. CROWE JR.,** an individual,
 jointly and severally,
                              Defendants,

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.931 *et seq*.

2. During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff the required minimum wage for all hours worked.

3. During the period of the parties' employment relationship, Defendants violated the FLSA by failing to compensate Plaintiff the mandated overtime premium of one and one-half times her regular rate for hours worked in excess of forty (40) hours in a workweek.

4. Defendants violated the FLSA by failing to compensate Plaintiff the mandated minimum wage for all hours worked. The FLSA requires employees to be compensated a mandated minimum wage rate.

5. Defendants violated the IWOWA by failing to compensate Plaintiff the state-mandated minimum wage for all hours worked. The IWOWA require employees to be compensated a mandated minimum wage rate.

6. Defendants violated the IWOWA by failing to compensate Plaintiff the mandated overtime premium of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a work week.

7. Plaintiff seeks a declaration that her rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make her whole for damages suffered.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

10. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

11. Employees of Defendant Wealthy Street Law Firm PLLC , ("WSLF") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

12. Employees of Defendant The Law Firm of Wayne F. Crowe Jr. PLLC ("LFWF) were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

13. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

14. Defendant WSLF annual gross volume of sales made or business done is not less than $500,000.

15. Defendant WSLF's employs more than two persons.

16. Defendant WSLF is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

17. Defendant LFWF annual gross volume of sales made or business done is not less than $500,000.

18. Defendant LFWF's employs more than two persons.

19. Defendant LFWF is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

20. Plaintiff performed work for Defendants in the Western District of Michigan specifically in Grand Rapids as well as other locations around the United States.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

22. Plaintiff Nicole Cumming (hereinafter "Cumming") is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

23. Plaintiff Cumming executed a consent to sue form, attached hereto as *Exhibit A*.

24. Defendant Wealthy Street Law Firm PLLC (hereinafter referred to as "WSLF") is a domestic professional corporation whose registered office is located 1031 Wealthy Street Se Grand Rapids, MI 49507.

25. Defendant's principal place of business is at 6140 28th St. Grand Rapids, MI 49546.

26. Defendant is a corporation that provides legal services.

27. Defendant The Law Firm of Wayne F. Crowe Jr. PLLC (hereinafter referred to as "LFWF") is a domestic professional corporation whose registered office is located 1031 Wealthy Street Se Grand Rapids, MI 49507.

28. Defendant LFWF is a corporation that provides legal services.

29. Defendant Wayne F. Crowe Jr. (hereinafter referred to as "Crowe ") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and is the owner and resident agent of Defendant LFWF.

30. Defendant Crowe is an individual owner or has a controlling interest in the Wealthy Street Law Firm PLLC.

31. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

32. Plaintiff was employed by Defendants from approximately September 01, 2023 through January 15, 2024

33. Plaintiff was employed by Defendants as a paralegal.

34. Plaintiff's duties included, but were not limited to: client phone calls, drafting pleadings, meeting with clients, and managing cases from inception to conclusion.

35. During the course of her employment, Plaintiff regularly handled cases that involved clients from outside the state of Michigan.

36. Plaintiff work scheduled was Monday through Thursday from 9:00 a.m. to 5:00 p.m., and Friday from 8:30 a.m. to 5:00 p.m.

37. Plaintiff frequently performed work outside her scheduled hours including evening and weekends.

38. Defendants were aware of Plaintiff's additional hours worked beyond her set schedule.

39. On at least one occasion, Plaintiff worked an additional eight hours on a Saturday, which she received recognition in the firm's group chat - but for which she did not receive any additional compensation.

40. Plaintiff was given an hour of unpaid lunch.

41. Defendant Crowe would prefer that Plaintiff work through her lunch.

42. Defendants did not have a system for tracking Plaintiff's hours worked.

43. Throughout Plaintiff's employment she was paid an annual salary of $53,000.

44. Plaintiff was misclassified as an overtime exempt employee.

45. Plaintiff did not receive compensation for her final week of work.

46. Plaintiff raised the issue of the missing compensation with Defendant Wayne, Mark the accountant, and Angelique Camfiled the managing attorney. Her calls, text messages, and emails went unanswered.

47. Plaintiff was not compensated at a rate no less than one and one half her regular hourly rate for hours worked over forty (40) in a workweek.

48. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

49. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

50. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

51. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

53. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

54. Defendants are sophisticated businesses and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

55. Defendants are sophisticated businesses and an individual, a Michigan licensed attorney, who knows or should have known that the Plaintiff's classification as a salary exempt employee was contrary to established law.

56. Defendant Crowe utilized Defendants WSLF and LFWF to subvert his obligations under state and federal law.

57. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY MINIMUM WAGE

58. Plaintiff hereby incorporates and realleges all the paragraphs above.

59. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

60. Plaintiff was an "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

61. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

62. Defendants violated the FLSA by failing to pay Plaintiff the federally mandated minimum wage for all hours worked.

63. Defendants' violations of the FLSA were knowing and willful.

64. As a result of Defendants' violation, Plaintiff is entitled to her unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.
## FAILURE TO PAY OVERTIME

65. Plaintiff hereby incorporates and realleges all the paragraphs above.

66. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

67. Plaintiff was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

68. Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

69. Defendants violated the FLSA by failing to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) hours per workweek.

70. Defendants' violations of the FLSA were knowing and willful.

71. As a result of Defendants' violation, Plaintiff is entitled to her unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT III
## VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq.,
## FAILURE TO PAY MINIMUM WAGE

72. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

73. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

74. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

75. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

76. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

77. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

78. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT IV
## VIOLATION OF MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY  WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY OVERTIME

79. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

80. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

81. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

82. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

83. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

84. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

85. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

86. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

B. An Order granting judgment in favor of Plaintiff and against Defendants, jointly and severally, and awarding Plaintiff the full amount of damages and liquidated damages available to her under the FLSA;

C. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the FLSA as provided by statute;

D. An Order declaring Defendants violated the IWOWA;

E. An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan IWOWA as provided by statute;

F. An Order awarding- and post-judgment interest to Plaintiff on these damages; and

E. An Order awarding such other and further relief as this Court deems appropriate.

Respectfully Submitted,

*/s/   Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr.
Attorney for Plaintiff
Avanti Law Group. PLLC


**JURY DEMAND**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Respectfully Submitted,

*/s/   Robert Anthony Alvarez*          .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/25/2024

/s/ *[signature]*
Nicole Cumming