# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

**NICOLE CUMMING,**
 an individual,                                     Hon.         Jane M. Beckering
Plaintiff,                                          Case No.    1:24-cv-1004

v.

**WEALTHY STREET LAW FIRM PLLC**
a domestic professional limited liability company,
**THE LAW FIRM OF WAYNE F. CROWE JR. PLLC**
a domestic professional limited liability company,
**WAYNE F. CROWE JR.,** an individual,
 jointly and severally,
                        Defendants,

| **AVANTI LAW GROUP, PLLC** | **THE WEALTHY STREET LAW FIRM** |
|---|---|
| Robert Anthony Alvarez (P66954) | Jonathan Browning (P77144) |
| Victor M. Jimenez Jr. (P85194) | Attorneys for Defendant |
| Attorneys for Plaintiff | 4403 Cascade Rd SE #3 |
| 600 28th St SW | Grand Rapids, MI 49546 |
| Wyoming, MI 49509 | (616) 254-7906 |
| (616) 257-6807 | jonathan@wealthystreetlaw.com |
| ralvarez@avantilaw.com | |
| vjimenez@avantilaw.com | |

## DEFENDANT'S FIRST AMENDED ANSWER,
## AFFIRMATIVE DEFENSES, AND JURY DEMAND

1. This is a civil action brought on behalf of Plaintiff, Nicole Cumming (hereinafter "Nicole") to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.931 *et seq*., and the Elliott-Larsen Civl Rights Act of 1976, LC 37.2201, et.seq.

**ANSWER:** As to paragraph 1 of the Complaint, Defendant admits only that Plaintiff Nicole Cumming purports to bring this action under the referenced statutes. Paragraph 1 of the Complaint

also calls for a legal conclusion for which no response is required, and, to the extent paragraph 1 of the Complaint requires any response by Defendants, the same is denied.

2. During the period of Nicole's employment, Defendants failed to compensate her the required minimum wage for all hours worked.

**ANSWER:** Defendants deny paragraph 2 of the Complaint.

3. During the period of Nicole's employment, Defendants violated the FLSA by failing to compensate Nicole with the mandated overtime premium of one and one-half times her regular rate for hours worked in excess of forty (40) hours in a workweek.

**ANSWER:** Defendants deny paragraph 3 of the Complaint.

4. Defendants violated the FLSA by failing to compensate Plaintiff the mandated minimum wage for all hours worked.

**ANSWER:** Defendants deny paragraph 4 of the Complaint.

5. Defendants violated the IWOWA by failing to compensate Plaintiff the state-mandated minimum wage for all hours worked.

**ANSWER:** Defendants deny paragraph 5 of the Complaint.

6. Defendants violated the IWOWA by failing to compensate Plaintiff the mandated overtime premium of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a work week.

    **ANSWER:** Defendants deny paragraph 6 of the Complaint.

7. Nicole was also subjected to discriminatory acts at the hands of Defendants and / or their agents or representatives.

    **ANSWER:** Defendants deny paragraph 7 of the Complaint.

8. Those discriminatory acts were taken against Nicole on the basis of her sex/gender.

    **ANSWER:** Defendants deny paragraph 8 of the Complaint.

9. Nicole seeks a declaration that her rights were violated, an award of unpaid wages, an award of liquidated damages, and any other economic and non-economic damages to which she is entitled to along with an award of attorneys' fees and costs to make her whole for damages suffered.

**ANSWER**: As to paragraph 9 of the Complaint, Plaintiff recites her desired objectives by bringing this lawsuit against Defendants and Defendants deny the same.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**ANSWER:** Paragraph 10 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 10 of the Complaint requires any response by Defendants, the same is denied.

11. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

**ANSWER:** Paragraph 11 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 11 of the Complaint requires any response by Defendants, the same is denied.

12. Supplemental jurisdiction is appropriate because Nicole's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

**ANSWER:** Paragraph 12 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 12 of the Complaint requires any response by Defendants, the same is denied.

13. Employees of Defendant Wealthy Street Law Firm PLLC, ("WSLF") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

**ANSWER:** Paragraph 13 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 13 of the Complaint requires any response by Defendants, the same is denied.

14. Employees of Defendant The Law Firm of Wayne F. Crowe Jr. PLLC ("LFWF) were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

    **ANSWER:** Paragraph 14 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 14 of the Complaint requires any response by Defendants, the same is denied.

15. Nicole was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

**ANSWER:** Paragraph 15 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 15 of the Complaint requires any response by Defendants, the same is denied.

16. Defendant WSLF annual gross volume of sales made or business done is not less than $500,000.

    **ANSWER:** Paragraph 16 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 16 of the Complaint requires any response by Defendants, the same is denied.

17. Defendant WSLF's employs more than two persons.

**ANSWER:** Defendants admit paragraph 17 of the Complaint.


18. Defendant WSLF is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

**ANSWER:** Defendants admit paragraph 18 of the Complaint.


19. Defendant LFWF annual gross volume of sales made or business done is not less than $500,000.

**ANSWER:** Defendants admit paragraph 19 of the Complaint.


20. Defendant LFWF's employs more than two persons.

**ANSWER:** Defendants admit paragraph 20 of the Complaint.


21. Defendant LFWF is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

**ANSWER:** Defendants admit paragraph 21 of the Complaint.


22. Nicole performed work for Defendants in the Western District of Michigan specifically in Grand Rapids as well as other locations around the United States.

**ANSWER:** As to paragraph 20 of the Complaint, Defendants admit Plaintiff performed work for Defendants within the territorial jurisdiction of the Western District of Michigan and in Grand Rapids, Michigan. Defendants otherwise deny the remainder of paragraph 20 of the Complaint.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**ANSWER:** Paragraph 23 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 23 of the Complaint requires any response by Defendants, the same is denied.


## PARTIES

24. Nicole is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 24 of the Complaint and, therefore, Defendants deny the same.

25. Plaintiff Cumming executed a consent to sue form, attached hereto as *Exhibit A*.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 25 of the Complaint and, therefore, Defendants deny the same.

26. Defendant Wealthy Street Law Firm PLLC (hereinafter referred to as "WSLF") is a domestic professional limited liability company whose registered office is located 1031 Wealthy Street Se Grand Rapids, MI 49507.

**ANSWER:** Defendants admit paragraph 26 of the Complaint.

27. Defendant's principal place of business is at 6140 28th St. Grand Rapids, MI 49546.

**ANSWER:** Denied as untrue. Defendants principal place of business is at 4403 Cascade Rd SE #3, Grand Rapids, MI 49546.

28. Defendant is a company that provides legal services.

**ANSWER:** Defendants deny paragraph 28 of the Complaint insofar as Plaintiff references a general "company," admit that Defendants provide legal services, and otherwise deny the remainder of paragraph 28 of the Complaint.

29. Defendant The Law Firm of Wayne F. Crowe Jr. PLLC (hereinafter referred to as "LFWF") is a domestic professional limited liability company whose registered office is located 1031 Wealthy Street Se Grand Rapids, MI 49507.

**ANSWER:** Defendants admit paragraph 29 of the Complaint.

30. Defendant LFWF is a corporation that provides legal services.

**ANSWER:** Defendants deny paragraph 30 of the Complaint insofar as Plaintiff references a

general "corporation," admit that Defendants provide legal services, and otherwise deny the remainder of paragraph 30 of the Complaint.

31. Defendant Wayne F. Crowe Jr. (hereinafter referred to as "Crowe ") is an individual who at all times relevant to this complaint was Nicole's direct supervisor and is the owner and resident agent of Defendant LFWF.

**ANSWER:** Defendants admit paragraph 31 of the Complaint.

32. Defendant Crowe is an individual owner or has a controlling interest in WSLF and LFWF.

**ANSWER:** Defendants admit paragraph 32 of the Complaint.

33. Defendants employed Nicole within the meaning of 29 U.S.C. § 203(g) and MCL 37.2201(a).

**ANSWER:** Paragraph 33 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 33 of the Complaint requires any response by Defendants, the same is denied.

## GENERAL ALLEGATIONS

*Wage Theft Allegations*

34. Plaintiff was employed by Defendants from approximately September 01, 2023 through January 15, 2024.

**ANSWER:** Defendants deny paragraph 34 of the Complaint insofar as the Complaint utilizes

the generalized, collective term "Defendants" to describe Plaintiff's employer, and otherwise deny the remainder of paragraph 34 of the Complaint.

35. Plaintiff was employed by Defendants as a paralegal.

**ANSWER:** Defendants deny paragraph 35 of the Complaint.

36. Plaintiff's duties included, but were not limited to: client phone calls, drafting simple pleadings using samples or templates, meeting with clients, and providing paralegal support to the staff attorneys and Defendant Wayne.

**ANSWER:** With respect to paragraph 36 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 34 of the Complaint.

37. In fact, Nicole's title was listed as "Paralegal" in emails and correspondence.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 37 of the Complaint and, therefore, Defendants deny the same.

38. She had no authority to exercise independent judgment nor exercise discretion in any of the work she provided to Defendants.

**ANSWER:** Defendants deny paragraph 38 of the Complaint.

39. During the course of her employment, Plaintiff regularly handled cases that involved clients from outside the state of Michigan.

**ANSWER:** With respect to paragraph 39 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 39 of the Complaint.

40. Nicole's work schedule was Monday through Thursday from 9:00 a.m. to 5:00 p.m., and Friday from 8:30 a.m. to 5:00 p.m.

**ANSWER:** With respect to paragraph 40 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 40 of the Complaint.

41. Nicole frequently performed work outside her scheduled hours including evening and weekends.

**ANSWER:** With respect to paragraph 41 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 41 of the Complaint.

42. The work she performed outside of her regularly scheduled office hours were compensable as the term is defined under the FLSA.

**ANSWER:** With respect to paragraph 42 of the Complaint, Defendants admit that Plaintiff had

assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 42 of the Complaint.

43. Defendants were aware of Nicole's additional hours worked beyond her set schedule.

**ANSWER:** With respect to paragraph 43 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 43 of the Complaint.

44. On at least one occasion, Plaintiff worked an additional eight hours on a Saturday, which she received recognition in the firm's group chat - but for which she did not receive any additional compensation.

**ANSWER:** With respect to paragraph 43 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 43 of the Complaint.

45. Nicole was allotted an hour of unpaid lunch.

**ANSWER:** With respect to paragraph 44 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 44 of the Complaint.

46. Defendant Crowe would prefer that Plaintiff work through her lunch.

**ANSWER:** With respect to paragraph 46 of the Complaint, Defendants admit that Plaintiff had

assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 46 of the Complaint.

47. Defendants did not have a system in place for accurately tracking Plaintiff's hours worked.

**ANSWER:** Defendants deny paragraph 47 of the Complaint.

48. Throughout Nicole's employment she was paid based on an annual salary of $53,000.

**ANSWER:** With respect to paragraph 48 of the Complaint, Defendants admit that Plaintiff had assigned job duties consistent with an FLSA overtime exempt lawyer or law clerk and otherwise deny paragraph 48 of the Complaint.

49. Nicole was misclassified as an overtime exempt employee.

**ANSWER:** Defendants deny paragraph 49 of the Complaint.

50. Nicole did not receive compensation for her final week of work.

**ANSWER:** Defendants deny paragraph 50 of the Complaint.

51. Nicole raised the issue of the missing compensation with Defendant Crowe, Mark the accountant, and Angelique Camfield the managing attorney. Her calls, text messages, and emails went unanswered.

**ANSWER:** Defendants deny paragraph 51 of the Complaint.

*Discriminatory Treatment Allegations*

52. Nicole was subject to a hostile work environment and discriminatory acts and remarks targeting her gender.

**ANSWER:** Defendants deny paragraph 52 of the Complaint.

53. Defendant Wayne demonstrated a pattern of discriminatory behavior toward Nicole and other female employees.

**ANSWER:** Defendants deny paragraph 53 of the Complaint.

54. Nicole was hired without being provided the necessary tools or resources to perform her job, such as a desk or laptop.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 54 of the Complaint and, therefore, Defendants deny the same.

55. For the first week of her employment, Nicole was forced to borrow a male coworker's laptop and sit on the floor to draft documents and respond to emails.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 55 of the Complaint and, therefore, Defendants deny the same.

56. Defendant Crowe would repeatedly make discriminatory remarks based on Nicole's gender, including but not limited to stating that "women are too sensitive" and they "create drama."

**ANSWER:** Defendants deny paragraph 56 of the Complaint.

57. Nicole and other female employees were treated less favorably than their male coworkers,

examples include:

    a. When male employees made mistakes, they were addressed in a constructive and professional manner. In contrast, female employees were subjected to verbal abuse, including being called "f***ing worthless", "stupid", "incompetent" and "unworthy of ever receiving a compliment."

    **ANSWER:** Defendants deny paragraph 57a of the Complaint.

    b. Defendant Crowe openly expressed relief when a male attorney was hired, further emphasizing his bias against female employees;

    **ANSWER:** Defendants deny paragraph 57b of the Complaint.

    c. Male legal assistant had a desk and his own laptop while Niccole and another female attorney did not for a period of time;

    **ANSWER:** Defendants deny paragraph 57c of the Complaint.

    d. Male legal assistant was offered extra compensation for additional projects but Nicole was not offered those opportunities.

    **ANSWER:** Defendants deny paragraph 57d of the Complaint.

58. Defendant Crowe fostered an exclusionary workplace environment, including but not limited to: organizing social events, such as going out for drinks, movie nights, that prioritized male employees while female employees were invited as an afterthought or excluded altogether.

**ANSWER:** Defendants deny paragraph 58 of the Complaint.

59. Defendant Crowe's temper and erratic behavior contributed to a hostile work environment.

**ANSWER:** Defendants deny paragraph 59 of the Complaint.

60. He frequently yelled and screamed at employees, including Nicole, subjecting her to repeated emotional distress.

**ANSWER:** Defendants deny paragraph 60 of the Complaint.

61. His behavior was so severe that it often brought Nicole to tears in the office.

**ANSWER:** Defendants deny paragraph 61 of the Complaint.

62. Because the work environment became so inhospitable, Nicole was forced to resign her employment.

**ANSWER:** Defendants deny paragraph 62 of the Complaint.

## **WILLFUL VIOLATIONS OF THE FLSA**

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Nicole at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Nicole.

**ANSWER:** Defendants deny paragraph 63 of the Complaint.

64. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Nicole at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Nicole.

**ANSWER:** Defendants deny paragraph 64 of the Complaint.

65. Defendants are sophisticated businesses and an individual with the knowledge and expertise to know that the payment structure of  upon which Nicole was compensated was and is impermissible under the FLSA.

**ANSWER:** Defendants deny paragraph 65 of the Complaint.

66. Defendants are sophisticated businesses and an individual, a Michigan licensed attorney, who knows or should have known that Nicole's classification as a salary exempt employee was contrary to established law.

**ANSWER:** Defendants deny paragraph 66 of the Complaint.

67. Defendant Crowe utilized Defendants WSLF  and LFWF to subvert his obligations under state and federal law.

**ANSWER:** Defendants deny paragraph 67 of the Complaint.

68. Defendants misled Nicole as to her rights and classification with regard to overtime pay.

**ANSWER:** Defendants deny paragraph 68 of the Complaint.

69. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**ANSWER:** Paragraph 69 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 69 of the Complaint requires any response by Defendants, the same is denied.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq.,**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>

70. Nicole hereby incorporates and realleges all the paragraphs above.

**ANSWER:** Defendants hereby incorporate by reference their responses to each paragraph above and deny the remainder, if any, of paragraph 70 of the Complaint.

71. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

**ANSWER:** Paragraph 71 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 71 of the Complaint requires any response by Defendants, the same is denied.

72. Nicole was an "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

**ANSWER:** Paragraph 72 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 72 of the Complaint requires any response by Defendants, the same is denied.

73. Defendants "suffered or permitted" Nicole to work and thus "employed" her as defined by the FLSA.

**ANSWER:** Paragraph 73 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 73 of the Complaint requires any response by Defendants, the same is denied.

74. Defendants violated the FLSA by failing to pay Nicole the federally mandated minimum wage for all hours worked.

**ANSWER:** Defendants deny paragraph 74 of the Complaint.

75. Defendants' violations of the FLSA were knowing and willful.

**ANSWER:** Defendants deny paragraph 75 of the Complaint.

76. As a result of Defendants' violation, Nicole is entitled to her unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

**ANSWER:** Defendants deny paragraph 76 of the Complaint.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.
## FAILURE TO PAY OVERTIME

77. Nicole hereby incorporates and realleges all the paragraphs above.

**ANSWER:** Defendants hereby incorporate by reference their responses to each paragraph above and deny the remainder, if any, of paragraph 77 of the Complaint.


78. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

**ANSWER:** Paragraph 78 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 78 of the Complaint requires any response by Defendants, the same is denied.


79. Nicole was an "employee" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

**ANSWER:** Paragraph 79 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 79 of the Complaint requires any response by Defendants, the same is denied.


80. Defendants "suffered or permitted" Nicole to work and thus "employed" her as defined by the FLSA.

**ANSWER:** Paragraph 80 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 80 of the Complaint requires any response by Defendants, the same is denied.

81. Defendants violated the FLSA by failing to pay Nicole an overtime premium for all hours worked in excess of forty (40) hours per workweek.

**ANSWER:** Paragraph 81 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 81 of the Complaint requires any response by Defendants, the same is denied.

82. Defendants' violations of the FLSA were knowing and willful.

**ANSWER:** Defendants deny paragraph 82 of the Complaint.

83. As a result of Defendants' violation, Nicole is entitled to her unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

**ANSWER:** Paragraph 83 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 83 of the Complaint requires any response by Defendants, the same is denied.

## <u>COUNT III</u>
## <u>VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq.,</u>
## <u>FAILURE TO PAY MINIMUM WAGE</u>

84. Nicole hereby incorporates by reference all previous paragraphs as if fully stated herein.

**ANSWER:** Defendants hereby incorporate by reference their responses to each paragraph above and deny the remainder, if any, of paragraph 84 of the Complaint.

85. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

**ANSWER:** Paragraph 85 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 85 of the Complaint requires any response by Defendants, the same is denied.

86. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

**ANSWER:** Paragraph 86 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 86 of the Complaint requires any response by Defendants, the same is denied.

87. At all relevant times, Nicole was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

**ANSWER:** Paragraph 87 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 87 of the Complaint requires any response by Defendants, the same is denied.

88. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931.

**ANSWER:** Paragraph 88 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 88 of the Complaint requires any response by Defendants,

the same is denied.

89. By failing to compensate Nicole at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

**ANSWER:** Paragraph 89 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 89 of the Complaint requires any response by Defendants, the same is denied.

90. As a result of Defendants' violations, Nicole is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**ANSWER:** Paragraph 90 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 90 of the Complaint requires any response by Defendants, the same is denied.

## COUNT IV
## VIOLATION OF MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*,
## FAILURE TO PAY OVERTIME

91. Nicole hereby incorporates by reference all previous paragraphs as if fully stated herein.

**ANSWER:** Defendants hereby incorporate by reference their responses to each paragraph above and deny the remainder, if any, of paragraph 91 of the Complaint.

92. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

**ANSWER:** Paragraph 92 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 92 of the Complaint requires any response by Defendants, the same is denied.

93. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

**ANSWER:** Paragraph 93 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 93 of the Complaint requires any response by Defendants, the same is denied.

94. At all relevant times, Nicole was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

**ANSWER:** Paragraph 94 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 94 of the Complaint requires any response by Defendants, the same is denied.

95. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Nicole to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

**ANSWER:** Paragraph 95 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 95 of the Complaint requires any response by Defendants, the same is denied.

96. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

**ANSWER:** Paragraph 96 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 96 of the Complaint requires any response by Defendants, the same is denied.

97. By failing to compensate Nicole at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

**ANSWER:** Paragraph 97 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 97 of the Complaint requires any response by Defendants, the same is denied.

98. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**ANSWER:** Paragraph 98 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 98 of the Complaint requires any response by Defendants, the same is denied.

99. Nicole hereby incorporates and realleges all of the paragraphs above.

**ANSWER:** Defendants hereby incorporate by reference their responses to each paragraph above and deny the remainder, if any, of paragraph 99 of the Complaint.

100.    At all material times, Defendant was an employer covered by and within the meaning of the Elliot-Larsen Civil Rights Act of 1976, MCL 37.2201, et. Seq., and Nicole was their employee.

**ANSWER:**  Paragraph 100 of the Complaint calls for a legal conclusion for which no response is required and, to the extent paragraph 100 of the Complaint requires any response by Defendants, the same is denied.

101.    Had Nicole been a male, she would not have been compelled to resign.

**ANSWER:**  Defendant denies the allegations in paragraph 101.

102.    Defendant WTLF and LFWF through their agents, representatives, and / or employees were predisposed to discriminate on the basis of gender and acted in accordance with that predisposition.

**ANSWER:** Defendant denies the allegations in paragraph 102.

103.    Defendant Crowe would repeatedly make discriminatory remarks based on Nicole's gender, including but not limited to stating that "women are too sensitive" and "create drama."

**ANSWER:** Defendant denies the allegations in paragraph 103.


104.    Nicole and other female employees were treated less favorably than were made to feel less

than as compared to their male co-workers.

**ANSWER:** Defendant denies the allegations in paragraph 104.


105.    Nicole's gender was at least one factor in Defendants' decision to subject her to the

discriminatory treatment described above.

**ANSWER:** Defendant denies the allegations in paragraph 105.


106.    The effect of the practices complained of above has been to discriminate against Nicole

with respect to her terms, conditions, and privileges of employment based on her sex in

violation of ELCRA.

**ANSWER:**  Paragraph 106 of the Complaint calls for a legal conclusion for which no response is

required and, to the extent paragraph 106 of the Complaint requires any response by Defendants,

the same is denied.


107.    Defendants have engaged in unlawful employment practices in violation of ELCRA by

treating Nicole differently because of her sex/gender.

**ANSWER:**  Paragraph 107 of the Complaint calls for a legal conclusion for which no response is

required and, to the extent paragraph 107 of the Complaint requires any response by Defendants,

the same is denied.

108.    As a direct and proximate result of Defendant's unlawful actions, Nicole has sustained

injuries and damages including, but not limited to, loss of earnings and earning capacity; loss

of career opportunities; mental and emotional distress; and loss of the ordinary pleasures of

everyday life, including the right to pursue gainful occupation of choice.

**ANSWER:**  Paragraph 108 of the Complaint calls for a legal conclusion for which no response is

required and, to the extent paragraph 108 of the Complaint requires any response by Defendants,

the same is denied.


## AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.  Plaintiff's claims are barred or limited by the applicable statute of limitations and by the

    doctrine of laches.

3.  Plaintiff lacks standing to assert all or some of the claims and/or to obtain all or some of

    the relief required from the Court.

4.  Defendants invoke the defenses, protections and limitations of the Fair Labor Standards

    Act, 29 U.S.C.§ 207 *et seq*.

5.  Some or all of Plaintiff's claims are barred in whole or in part by the doctrines of waiver,

    release, avoidable consequences, accord and satisfaction, and unclean hands.

6.  Some or all of Plaintiff's claims are barred by collateral estoppel and res judicata.

7.  At all times relevant, Defendants relied in good faith and in accordance with the law.

8.  Plaintiff's injuries and damages, if any, were the direct and proximate result of her own

    conduct.

9.  Plaintiff has failed to exhaust her administrative remedies.

10. Plaintiff has failed to mitigate her alleged damages.

11. Some or all of Plaintiff's claims are barred because Plaintiff was properly classified as an FLSA overtime exempt employee and, for this reason and others, Plaintiff is not entitled to any compensation or damages from Defendants.

12. Plaintiff's claims are barred because Plaintiffs seek to recover for time that is *de minimus* work time and thus not compensable under the FLSA.

13. Defendant's actions towards Plaintiff were not a willful violation of any law, including, but not limited to the FLSA.

14. Plaintiff is not entitled to liquidated damages as Defendants acted in good faith and reasonable belief that they were acting in accordance with the Fair Labor Standards Act as well as any applicable state or local law.

15. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with her compensation were done in good faith in conformity with and reliance upon written regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

16. Plaintiff's claims for liquidated damages are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

17. The imposition of statutory penalties would violate Defendants' rights, including the right to due process and equal protection under the United States Constitution and other laws.

18. Some or all of Plaintiff's claims are preempted by federal law.

19. Defendant reserves the right to add additional defenses, including additional affirmative defenses.

WHEREFORE, having answered Plaintiff's Complaint, Defendants respectfully request that this Court dismiss it in its entirety, with prejudice. Defendants additionally respectfully request an award of reasonable attorney's fees, expenses, and costs associated with defending against Plaintiff's frivolous and vexatious Complaint.

Respectfully submitted,

By: _____*s/ Jonathan D. Browning*_____
*Counsel for Defendants*

Jury Demand

Defendants hereby demand a trial by jury on all issues so triable.

_____*s/ Jonathan D. Browning*_____
*Counsel for Defendants*

Certificate of Service

I hereby certify that on the  4th  day of February , 2025 , a copy of the foregoing Amended Answer  was filed electronically with the clerk of this Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

The following parties have been served by regular U.S. mail: (none).

_____*s/ Jonathan D. Browning*_____
*Counsel for Defendants*